E-FILED
Monday, 12 September, 2005  04:10:03 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-20045 |
| | ) |
| CEDRIC WASHINGTON, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S POSITION STATEMENT

The United States by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Timothy A. Bass, Assistant United States Attorney, and hereby submits its position statement. The government states as follows:

## PROCEDURAL HISTORY

1. This case is on a limited remand from the court of appeals, following the affirmance of the defendant's conviction, for a determination by this Court whether, in light of United States v. Booker, 125 S. Ct. 738 (2005), this Court would impose a different sentence had it known that the Sentencing Guidelines were advisory.

2. On December 3, 2003, the defendant was charged in a superseding indictment with distribution of five or more grams of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1), and distribution of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2). The defendant pleaded not guilty.

3. At trial, the defendant testified and falsely denied his involvement in the charged offenses. In attempting to explain the circumstances of the offenses, the defendant alleged that the informant obtained the crack cocaine from two separate persons, one of whom retrieved crack cocaine from his mouth. After only 34 minutes of deliberation, the jury found the defendant guilty as charged. This Court later found that the evidence against the defendant was "overwhelming" and that his defense was "a very creative version of the facts which had little support in the evidence."

4. At sentencing, this Court concluded that the defendant was a career offender under USSG § 4B1.1. Given that the defendant faced a statutory maximum penalty for Count 1 of 10 years to life imprisonment, this Court determined that the defendant's offense level under § 4B1.1 was 37, his criminal history category was VI, and the resulting sentencing range was 360 months to life imprisonment. Any other sentencing enhancements had no effect on the sentencing range.

5. Exercising its discretion within the sentencing range, this Court sentenced the defendant on Count 1 to 420 months of imprisonment, 8 years of supervised release, and a $100 special assessment, and on Count 2 to 360 months of imprisonment, 6 years of supervised release, and a $100 special assessment. The sentences on both counts were ordered to run concurrently. This Court specifically found that a sentence 60 months above the bottom of the Guidelines range was appropriate. The defendant did not object to his classification as a career offender or to the 420-month sentence.

**POSITION ON LIMITED REMAND**

6. While Booker provides that the Guidelines are no longer mandatory, they still retain a presumption of reasonableness in this Circuit. United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005). As the Seventh Circuit has stated,

> Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less . . . This shortcut is justified by the indeterminate and interminable character of inquiry into the meaning and application of each of the 'philosophical' concepts in which section 3553(a) abounds.
>
> However, the farther the judge's sentence departs from the guidelines sentence (in either direction--that of greater severity, or that of greater lenity), the more compelling the justification based on factors in section 3553(a) that the judge must offer in order to enable the court of appeals to assess the reasonableness of the sentence imposed.

United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005).

7. In addition, 28 U.S.C. § 994(h) provides a clear statement of congressional intent regarding the sentencing of career offenders. Specifically, it provides that, for career offenders, the Sentencing "Commission shall assure that the guidelines specify a sentence to a term at or near the maximum term authorized[.]" 28 U.S.C. § 994(h).

8. In this case, the defendant was convicted of two serious drug offenses after testifying falsely in his own defense. He has a serious criminal history and was designated as a career offender, the very type of person for whom Congress has specifically stated should be sentenced "at or near the maximum term authorized[.]" 28 U.S.C. § 994(h). Moreover, at the original sentencing, this Court specifically found that a

sentence 60 months higher than the low end of the Guidelines range was appropriate. Notwithstanding Booker, there is no reason for this Court to alter its original sentence. Accordingly, the government requests that this Court find that it would not have imposed a different sentence had it known that the Sentencing Guidelines were advisory.

                              JAN PAUL MILLER
                              UNITED STATES ATTORNEY

BY:   s/Timothy A. Bass
        TIMOTHY A. BASS, Bar No. MO 45344
        United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        Phone: 217/373-5875
        Fax: 217/373-5891
        tim.bass@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on September 12, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Tiffani D. Johnson
    Assistant Federal Defender
    300 W. Main Street
    Urbana, IL 61801

    s/Timothy A. Bass
    TIMOTHY A. BASS, Bar No. MO 45344
    Attorney for Plaintiff
    United States Attorney
    201 S. Vine Street, Suite 226
    Urbana, Illinois 61802
    Phone: 217/373-5875
    Fax: 217/373-5891
    tim.bass@usdoj.gov