**E-FILED**
Tuesday, 13 September, 2005  03:01:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| v. | No.:  03-CR-20045 |
| CEDRIC WASHINGTON | |
| Defendant | |

### *MR. WASHINGTON'S POSITION ON PREVIOUSLY IMPOSED SENTENCE*

NOW COMES the Defendant, CEDRIC WASHINGTON, by the Chief Federal Public Defender for the Central District of Illinois, Richard H. Parsons, by and through TIFFANI D. JOHNSON, Assistant Federal Public Defender, and hereby states his position regarding the sentence previously imposed in the above-captioned case:

**Introduction**

1.     On April 8, 2004 this Court sentenced the defendant, Cedric Washington, to a term of imprisonment of 420 months on Count 1 and 360 months on Count 2, to be served concurrently, an eight year term of supervised release on Count 1 and a six year term of supervised release on Count 2, and a $200 special assessment. Mr. Washington filed a timely notice of appeal on April 8, 2004. On January 12, 2005, while the appeal was pending in the United States Court of Appeals for the Seventh Circuit, the United States Supreme Court issued its opinion in *United States v. Booker*, 125 S.Ct. 738 (2005) resulting in the Seventh Circuit ordering a limited remand pursuant to the procedures set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

2.     Pursuant to *Paladino*, this Court must determine whether it would have imposed a different

sentence had it been aware that the Sentencing Guidelines were advisory rather than mandatory. *Id.* at 484. Mr. Washington asserts that this Court would have used its discretion to impose a sentence lower than 420 months for Mr. Washington's crime of distributing five or more grams of crack.

**Procedural History**

3.     On May 22, 2003, Mr. Washington was indicted on one count of distributing five grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). A superseding Indictment later added a count of distributing cocaine base ("crack") in violation of 21 U.S.C. § 841(a) and (b)(1)(C). (R.1).

4.     On December 17, 2004, the jury found  Mr. Washington guilty of both counts of the indictment. (D.R. Min. at 12/17/04.)

5.     A presentence report was drafted on March 4, 2004 and revised on March 30, 2004.  Neither the prosecutor nor the Defendant objected to the Presentence Investigation Report guideline calculations that Mr. Washington was a career offender resulting in a total offense level 37 and criminal history category VI, thereby establishing an imprisonment range of 360 months to life. (P.S.R. at 27.)

6.     The district court assessed: (1) a four-level enhancement for the amount of drugs involved above the stipulated amount of 14.3 grams, (2) a two-level enhancement for obstruction of justice, (3) a two-level enhancement for role in the offense, and (4) and found Mr. Washington to be a career offender.

7.     The judge sentenced Mr. Washington to a term of 420 months in the custody of the Bureau of Prisons with 8 years of supervised release on Count 1, and 360 months in the custody of the Bureau of Prisons with 6 years of supervised release on Count 2, to be served concurrently, along

2

with a $200 special assessment. (App. at 1.)

8.    Mr. Washington filed a timely notice of appeal, and in his brief he argued that he was denied a fair trial by the District Judge's questioning of witnesses and the Prosecutor's rebuttal argument. The Seventh circuit found the District Judge's questioning of witnesses to be proper. The Seventh Circuit noted that "even accepting that some of the prosecutory's [rebuttal] comments were improper, the prosecutorial misconduct claim fails at the prejudice stage." *United States v. Washington*, No. 04-20015, *11 (7th Cir. August 9, 2005).

9.    The Seventh Circuit, therefore, affirmed Mr. Washington's conviction, and ordered a limited remand with respect to his sentence pursuant to the procedures set forth in *United States v. Paladino*, 401 F.3d 471 (7th cir. 2005).

10.    Although this Court is still required to consider the Guidelines before imposing a sentence, a 420 month sentence is over-kill in this case.

11.    The presentence report indicated that Mr. Washington was a career offender based on the following Champaign County Circuit Court convictions: (1) Intimidation (Case #97-CF-1023); (2) Intimidation (Case #03-CF-208); and (3) Possession of a Controlled Substance with Intent to Deliver (Case #94-CF-902).  (P.S.R. ¶¶ 48, 52, and 56).

12.    In the 1997 Intimidation case, Mr. Washington was originally sentenced to 30 months of probation, and was later sentenced to 3 years in the Illinois Department of Corrections for violating his probation.   (P.S.R. ¶ 52.) The 2003 Intimidation case resulted in 24 months probation and 1 day in jail.  (P.S.R. ¶ 56.)

13.    "[W]here the Guidelines conflict with other factors set forth in § 3553(a), courts will have to resolve the conflicts."  *Id.* at *2.  Thus, factors that mitigate a defendant's culpability for a crime

3

now have much greater importance to the determination of an appropriate sentence.

14.     This Court's purpose in sentencing Mr. Washington appeared to be to add 5-years to the minimum sentence under the then mandatory Guidelines, but not necessarily to impose per se a 35-year sentence.

15.     Although this Court stated that it did not want to impose a life imprisonment, that is essentially the result produced where a 31-year old defendant receives a 35-year sentence pursuant to the then-mandatory Guidelines.

16.     This Court did not considered the fact that two of Mr. Washington's prior convictions, establishing his career offender status, were for intimidation. (P.S.R. ¶¶ 52, 56.)  In the first intimidation conviction, Mr. Washington was initially sentenced to 30 months probation, although he was later sentenced to 3-years incarceration after violating his probation.  *Id.* In the second conviction, Mr. Washington was sentenced to 1 day of imprisonment and 24 months probation. *Id.*

17.     It is unlikely that Congress intended such minimal "crimes of violence" to support career offender enhancements, especially where the Defendant was initially given probation for those convictions.

18.     Mitigating § 3553 factors include Mr. Washington's history of depression, past use of psychotropic medications, and mental health counseling.  (P.S.R. ¶¶ 92, 93.)

19.     This Court did not consider the effect of Mr. Washington's history of substance abuse on his culpability for his current and past crimes.  (P.S.R. ¶¶ 95-97.) Leading up to his offense, Mr. Washington  smoked approximately one-quarter ounce of crack daily.  (P.S.R. ¶ 97.)

**Conclusion**

        WHEREFORE, Mr. Washington respectfully requests that this Court enable Mr.

4

Washington's case to be remanded for resentencing under the advisory guidelines.

Respectfully Submitted,

CEDRIC WASHINGTON

RICHARD H. PARSONS
Federal Public Defender

s/Tiffani D. Johnson

BY:_____
TIFFANI D. JOHNSON, Bar No. 6278909
Assistant Federal Defender
300 West Main Street
Urbana, Illinois 61801
Phone: (217) 373-0666
Fax: (217) 373-0667
Email: tiffani_johnson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2005, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to Assistant United

States Attorney Timothy Bass.

s/Tiffani D. Johnson

_____
TIFFANI D. JOHNSON, Bar No. 6278909
Assistant Federal Defender
300 West Main Street
Urbana, Illinois 61801
Phone: (217) 373-0666
Fax: (217) 373-0667
Email: tiffani_johnson@fd.org

I:\Johnson\CLIENTS\Washington\position.wpd