E-FILED

Wednesday, 12 October, 2005  01:42:16 PM

Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 03-CR-20045** |
| | ) | |
| CEDRIC WASHINGTON, | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION

This matter is before the court on a limited remand from the United States Court of Appeals for the Seventh Circuit to determine whether this court would, if required to resentence, impose Defendant Washington's original sentence.  See United States v. Paladino, 401 F.3d 471, 484 (7th Cir. 2005).  Pursuant to the Seventh Circuit's decision in Paladino, this court ordered the parties to submit their positions on the issue of Defendant's sentence in light of the decision of the United States Supreme Court in United States v. Booker, _____ U.S. _____, 125 S. Ct. 738 (2005).  After obtaining the views of the parties, this court must now "place on the record a decision not to resentence, with an appropriate explanation," or advise the Seventh Circuit of this court's desire to resentence the defendant.  Paladino, 401 F.3d at 484.

The record in this case shows that, on May 22, 2003, Defendant was charged by indictment with distribution of five or more grams of cocaine base (crack).  On December 3, 2003, Defendant was charged by superseding indictment.  The original charge became Count 1 and Count 2 was added which charged Defendant with distribution of cocaine base (crack).  On December 17, 2003, following a jury trial, Defendant was found guilty of both Counts.

On April 8, 2004, a sentencing hearing was held.  At sentencing, this court determined that Defendant was a career offender under the United States Sentencing Guidelines § 4B1.1.  This court

determined that Defendant's offense level under § 4B1.1 was 37 and his criminal history category was VI. The resulting sentencing range under the guidelines was 360 months to life imprisonment. Defendant did not object to this guideline calculation. This court sentenced Defendant to a term of 420 months of imprisonment, 8 years of supervised release, and a $100 special assessment on Count 1 and a term of 360 months of imprisonment, 6 years of supervised release, and a $100 special assessment on Count 2. The sentences were ordered to be served concurrently. This court specifically found that a sentence 60 months above the bottom of the guideline range was appropriate.

Defense counsel argued that this court should resentence Defendant and impose a lower sentence. Defense counsel argued that a 420-month sentence is over-kill in this case. Defense counsel noted that Defendant's career offender status was based upon his two convictions of intimidation and one conviction of possession of a controlled substance with intent to deliver. She further noted that Defendant was sentenced to a term of probation for the two intimidation convictions. Defense counsel contended "[i]t is unlikely that Congress intended such minimal 'crimes of violence' to support career offender enhancements, especially where the Defendant was initially given probation for those convictions." Defense counsel argued that, on resentencing under the advisory guidelines, this court could consider the mitigating factors of Defendant's history of depression, past use of psychotropic medications and mental health counseling. Defense counsel also argued that this court did not consider the effect of Defendant's history of substance abuse on his culpability for his current and past crimes.

The Government argued that, in this case, Defendant was convicted of two serious drug offenses after testifying falsely in his own defense at trial. The Government further argued that Defendant has a serious criminal history and was designated as a career offender, the type of person Congress has specifically stated should be sentenced "at or near the maximum term authorized," citing

2

28 U.S.C. § 994(h). The Government again noted that, at sentencing, this court specifically found that a sentence 60 months higher than the low end of the guideline range was appropriate. The Government contended that there is no reason for this court to alter Defendant's original sentence.

This court has considered the arguments of counsel, the advisory sentencing guidelines, the reasons for the original sentence, and the factors set forth in 18 U.S.C. § 3553(a). Based upon Defendant's criminal history and the nature of the offenses of which he was convicted in this case, this court finds that, had this court known that the guidelines were advisory, it would have imposed the same sentence. This court would, therefore, adhere to its original sentence in this case.

For these reasons, this court advises the United States Court of Appeals for the Seventh Circuit that it would have imposed the same sentence on Defendant even if it was aware that the sentencing guidelines were merely advisory. The clerk is directed to transmit this Order to the Seventh Circuit Court of Appeals.

ENTERED this 12th day of October, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE