UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-cr-20045-JES-DGB |
| | ) | |
| CEDRIC WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER AND OPINION

This matter is now before the Court on Defendant Washington's Amended Motion (Doc. 97) for Reduced Sentence Under Section 404(b) of the First Step Act, to which the United States has filed a Response (Doc. 98). For the reasons set forth below, Defendant's Motion (Doc. 97) is GRANTED in part and DENIED in part. Defendant's sentence is REDUCED to concurrent terms of 322 months on Counts 1 and 2, and Defendant's term of supervised release on Count 1 is REDUCED from 8 years to 6 years.

## BACKGROUND

In 2003, Defendant Washington was charged in a two-count superseding indictment. Count 1 alleged that Washington distributed more than 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(iii); Count 2 alleged that Washington distributed crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). The United States also filed a notice of prior conviction under 21 U.S.C. § 851, resulting in a potential statutory penalty range of 10 years to life on Count 1 and 0 to 30 years on Count 2. Defendant proceeded to a jury trial where he was convicted on both counts.

The Probation Office prepared a Presentence Report prior to sentencing. Doc. 55. Because Defendant qualified as a career offender and the statutory maximum penalty for Count 1 was life, his offense level was set at 37. *Id*. at ¶ 42. Given Defendant's criminal history category of VI, his (then-mandatory) guideline sentencing range was 360 to life. *Id*. at ¶ 111. At sentencing, Judge McCuskey imposed a 420-month term of imprisonment—60 months higher than the bottom of the guideline range—and an 8-year term of supervised release. Because the statutory maximum for Count 2 was 30 years, Judge McCuskey sentenced Defendant to a concurrent term of 360 months' imprisonment and 6 years of supervised release on Count 2.

On August 30, 2019, Defendant filed his Amended Motion to Reduce Sentence, arguing that Defendant is entitled to a reduced sentence under the First Step Act of 2018 (the "First Step Act"). Doc. 97; Pub. L. No. 115-391, 132 Stat. 5194. The United States filed a Response acknowledging that Defendant is eligible for a reduced sentence on Count 1, but asking the Court to exercise its discretion to decline to reduce Defendant's sentence. Doc. 98. This Order follows.

## LEGAL STANDARD

The Fair Sentencing Act of 2010 ("FSA") amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine a violation of 21 U.S.C. § 841(a) must involve to trigger mandatory minimums and accompanying statutory maximum sentences. Pub. L. 111–220, 124 Stat. 2372. Prior to the FSA, an offense involving 50 grams or more of crack cocaine triggered a 10-year mandatory minimum sentence, while an offense involving 5 grams triggered a 5-year mandatory minimum. Section 2 of the FSA amended § 841(b)(1)(A)(iii) by striking 50 grams and inserting 280 grams. It also amended § 841(b)(1)(B)(iii) by striking 5 grams from § 841(b)(1)(B)(iii) and inserting 28 grams. The FSA did not apply retroactively to defendants sentenced prior to August 3, 2010.

Section 404 of the First Step Act makes those changes retroactive. Section 404(a) defines a covered offense as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. Section 404(b) then states "a court that imposed a sentence for a covered offense may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194.

## DISCUSSION

In his Motion, Defendant argues he is eligible for a reduced sentence under the First Step Act. First, Defendant explains the 420-month sentence imposed on Count 1 is a "covered offense" under the Act because it was committed before August 3, 2010, and the statutory penalties under § 841(b)(1)(B) were modified by section 2 of the Fair Sentencing Act. Doc. 97, at 4. If the Fair Sentencing Act had been in place at the time Defendant was sentenced, the statutory maximum penalty for Count 1 would have been 30 years, rather than life. Because the career offender guideline ties the base offense level to the statutory maximum penalty, Defendant's base offense level at the time he was sentenced was 37; with the Fair Sentencing Act's lower statutory maximum of 30 years, the base offense level would have been three levels lower at 34. *See* U.S.S.G. § 4B1.1(b). Thus, had the Fair Sentencing Act been in place at the time of Defendant's sentencing, his guideline range on Count 1 would have been 262 to 327 months of imprisonment, rather than 360 months to life. Up to this point, the parties are in agreement.

The parties disagree on the effect of the sentence imposed on Count 2. Defendant argues that the original guideline range of 360 months to life was attributable entirely to Count 1, a covered offense. But for the higher offense level resulting from Count 1, Defendant would have faced a guideline range of 262 to 327 months on Count 2, because the statutory maximum

sentence for an § 841(b)(1)(C) offense was (and still is) 30 years. Therefore, Defendant argues that the Court should reduce the overall 420-month sentence to 262 months. Doc. 97, at 6–7.

The United States disagrees. In its view, had the Fair Sentencing Act been in effect at the time of Defendant's sentencing, he would not have faced a mandatory minimum guideline range of 360 months to life; however, "[t]he penalties and sentencing guideline calculations for Count 2 … would have been the same." Doc. 98, at 4. In other words, the United States argues, because the statutory penalties for § 841(b)(1)(C) remained unaffected by the Fair Sentencing Act, a § 841(b)(1)(C) offense is not a "covered offense" under the First Step Act, and therefore the Court should not modify Defendant's sentence on Count 2. *Id*.

The United States' position is incorrect. While the statutory penalties for an offense under § 841(b)(1)(C) remain unchanged following the Fair Sentencing Act, Defendant's guideline range for Count 2 would not have been the same had the Act been in place at the time of Defendant's sentencing. Rather, if the Fair Sentencing Act had been in place at the time Defendant was sentenced, the statutory maximum penalty for Count 1 would have been 30 years, rather than life; Defendant's offense level would have been 34, rather than 37; and Defendant's guideline range <u>for both counts</u> would have been 262 to 327 months, rather than 360 months to life. *See First Step Act Computation*, Doc. 96.

The United States' position—that since a § 841(b)(1)(C) offense is not a "covered offense" under the First Step Act, the Court should not modify Defendant's sentence on Count 2—is also inconsistent with the plain language of the First Step Act. The Act provides "a court that imposed a sentence for a covered offense may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. The United States' interpretation of the First

Step Act would impose an additional limitation not present in the text of the law: "a court that imposed a sentence for a covered offense may … impose a reduced sentence <u>with respect to the covered offense</u> as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." (emphasis denotes altered text). The fact that Congress could have, but chose not to add the emphasized language to the First Step Act supports Defendant's position that "in enacting § 404(b), Congress gave district courts the authority to reduce … aggregate term[s], which may require reducing sentences on individual counts that are not covered offenses." Doc. 97, at 6.

Finally, the United States' position would lead to absurd results. The United States appears to argue that Defendant would be eligible for a 262 to 327-month sentence on Count 1 for distributing 5 or more grams of crack, but for his 360-month sentence on Count 2, for distributing *less* than 5 grams of crack. This result would punish Defendant for not selling enough drugs. The Court does not believe that the United States' position in this regard comports with either the text or the spirit of the First Step Act.

Having determined Defendant is eligible for a reduced sentence, the Court must next determine whether to exercise its discretion to reduce Defendant's sentence, and, if so, by how much. *See Ladd v. Kallis*, No. 18-CV-1063, 2019 WL 1585110, at *2 (C.D. Ill. Apr. 12, 2019) ("The First Step Act gave sentencing courts discretion to resentence individuals such as Ladd, who had been sentenced prior to the Fair Sentencing Act."). Defendant notes the low drug weight for the charged offenses and Defendant's completion of various programs while incarcerated, and asks for a 262-months sentence. The United States notes Defendant's false testimony at trial, his misconduct while in pretrial detention, and his continued disciplinary history while incarcerated. Further, the United States notes that Judge McCuskey imposed a sentence 60 months higher than

the bottom of the then-applicable guideline range, and later reaffirmed his decision to impose that sentence once the guidelines became advisory. Thus, the United States asks the Court to exercise its discretion to deny any reduction in Defendant's sentence. Doc. 98, at 6.

Having considered the factors in 18 U.S.C. § 3553(a), the Court believes that a reduced concurrent sentence of 322 months on Count 1 and Count 2—60 months higher than the now-applicable guideline range, is sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a)(2).[1] The Court also believes that this sentence strikes the appropriate balance between the remedial nature of the First Step Act and the sentencing judge's decision to impose a sentence above the minimum guideline range. Additionally, the Court will reduce Defendant's term of supervised release on Count 1 from 8 years to 6 years.

## CONCLUSION

For the reasons set forth above, Defendant Washington's Amended Motion (Doc. 97) for Reduced Sentence Under Section 404(b) of the First Step Act is GRANTED in part and DENIED in part. Defendant's sentence is REDUCED to concurrent terms of 322 months on Counts 1 and 2, and Defendant's term of supervised release on Count 1 is REDUCED from 8 years to 6 years.

Signed on this 30th day of September, 2019.

s/ James E. Shadid
James E. Shadid
United States District Judge

---

[1] Defendant requested the Court schedule a hearing on the Motion so that Mr. Washington could assist the Court in exercising its discretion. Doc. 97, at 10. However, the Court believes the briefs and the record adequately present the facts and legal arguments, and a hearing would not significantly aid the Court.